**UNITED STATES of America, Plaintiff,**

v.

**Jeffrey ERICKSON, Defendant.**

**No. 91 CR 1017.**

United States District Court,
N.D. Illinois, E.D.

July 10, 1992.

See also 797 F.Supp. 1387.

Lisa K. Osofsky, U.S. Attys. Office, Chicago, Ill., for plaintiff.

Richard Ross Mottweiler, Chicago, Ill., for defendant.

## ORDER

ALESIA, District Judge.

Now before the court are three additional pretrial motions filed by defendant Jeffrey Erickson ("defendant"). Specifically, defendant filed a motion *in limine*, a motion to quash search warrant and suppress evidence illegally seized, and a motion to sever Count One of the superseding indictment from the remaining counts. The government responded to defendant's motions. Defendant did not file a reply. We address each motion in turn.

### A. *Motion in Limine*

In his motion *in limine*, defendant seeks to exclude from evidence in the government's case-in-chief all weapons seized from defendant's residence pursuant to search warrants, except for the Australian .223 automatic caliber weapon. Defendant argues that the remaining thirty-three weapons are not relevant because they

were not identified as being used in any of the crimes charged and the probative value of such evidence is substantially outweighed by its prejudicial effect.

■ In response, the government asserts that the weapons evidence is relevant and probative. In particular, the government argues that evidence of the Ruger .357 magnum revolver is relevant because Count Twenty–One of the superseding indictment specifically charges defendant with possessing a Ruger .357 magnum revolver with an obliterated serial number which had been transported in interstate commerce. We agree. To the extent defendant seeks to exclude from evidence in the government's case-in-chief the Ruger .357 magnum revolver his motion *in limine* is denied.[1]

■ As to the remaining thirty-two weapons the government advances several positions. First, the government argues that possession of weapons are relevant as "tools of the trade" where, as here, there are charges of armed bank robberies and assaults. In support, the government cites to cases outside this circuit. *See United States v. Sullivan,* 919 F.2d 1403, 1420 (10th Cir.1990); *United States v. Blevinal,* 607 F.2d 1124 (5th Cir.1979). Second, the government contends that to the extent defendant contests identity, the possession of weapons by him tends to show that he was the "bearded bank robber." Third, the government maintains that the weapons evidence is relevant to those counts of the superseding indictment charging defendant with possession of weapons with obliterated serial numbers as it shows knowledge and absence of mistake. Finally, the government asserts that this evidence is not unduly prejudicial because the jury will hear the testimony of bank tellers describing how defendant threatened them if they did not comply with his demands and because the government will request a cautionary instruction.

We are not persuaded by the government's arguments. Even if defendant is contesting identity, we fail to see how the possession of weapons by defendant tends to show that he was the "bearded bank robber." Moreover, we fail to see how this weapons evidence is relevant to those counts of the indictment which charge defendant with possession of firearms with obliterated serial numbers. Finally, while we agree that these weapons are relevant as "tools of the trade," we conclude that admission of these thirty-two weapons into evidence in the government's case-in-chief, where they have not been identified as being used in any of the crimes charged in the superseding indictment, is unduly prejudicial. We believe that this weapons evidence is highly inflammatory and may be misused by the jury. Accordingly, we grant defendant's motion *in limine* with respect to these thirty-two weapons pursuant to Federal Rule of Evidence 403. For the reasons stated, defendant's motion is granted in part, and denied in part.

### B. *Motion to Quash Search Warrant*

On December 27, 1991, after defendant's arrest, Judge Pamela Karahalias of the Circuit Court of Cook County, issued a warrant to search defendant's residence at 658 Waterford, Hanover Park, Cook County, Illinois.[2] Specifically, the warrant provided that the officials could search for the following items:

Photographs of Jeffrey E. Erickson, any documents such as maps, handwritten or typewritten notes, relating to the shooting location, the 1200 block of south Smith St., Cook County, ILL. and or banks in the area of the shooting, typewriter and typewriter ribbons that may have been used in preparation of these notes, a black beret, receipts of gun purchases, any firearms and ammunition, proof of residency, red spotted carpeting, any documents related to police scanner codes, clothing.

---

**1.** As defendant has no objection, the government may offer into evidence in its case-in-chief the Australian .223 automatic caliber weapon.

**2.** So that the record is clear, federal Magistrate Judge Pallmeyer had issued an earlier search warrant authorizing federal agents to search defendant's residence.

In this motion, defendant seeks to quash the second warrant to search his residence and to suppress all evidence seized as a result of the search, except for the red spotted carpeting. Defendant levels three attacks. First, he contends, without citation to any legal authority, that this search warrant is an unconstitutional general warrant. Second, he asserts that the search of his residence exceeded the scope of the warrant. Finally, he argues that the gloves recovered from the car registered to Jill Erickson should be suppressed as beyond the scope of the search warrant.

Because defendant's first two arguments are wholly without support, we reject each of them and deny his motion to quash search warrant and suppress evidence illegally seized. Defendant's third argument is denied as moot because the government represents that it will not be offering the gloves in its case-in-chief. We briefly address defendant's first two lines of attack.

■ Initially, defendant contends that the search warrant is a general warrant prohibited by the constitution. Surprisingly, he asserts that the warrant does not state specifically what items are sought except for a black beret and red spotted carpeting. We categorically reject this disingenuous argument. Even a cursory review of the search warrant reveals the deficiency of defendant's position. In our opinion, this warrant is reasonably specific to satisfy the demands of the Fourth Amendment. *United States v. Shoffner*, 826 F.2d 619, 630–31 (7th Cir.), *cert. denied*, 484 U.S. 958, 108 S.Ct. 356, 98 L.Ed.2d 381 (1987).

■ In addition, we reject defendant's argument that the items seized and identified on the inventory list (attached as an exhibit to his motion) are beyond the scope of the search warrant and must be suppressed. Defendant asserts, without any legal discussion or analysis, that most of the items listed on the inventory sheets are not expressly set forth in the search warrant. Once again, defendant wholly fails to identify those items which he believes were improperly seized (he merely refers to the attached inventory sheet) or state which areas he believes were unlawfully searched and why.

■ We have independently reviewed the inventory sheet. Many of the items listed, such as the blue 1990 scanner code book, rifle barrel with flash suppressor, brass shell casing, and bag containing .223 calibre bullets, are identified on the face of the search warrant and do not violate defendant's Fourth Amendment rights. Moreover, in searching defendant's home for easily concealed items, it was proper for the officers to search any area of the home in which the specified property could have been located and to seize any property constituting evidence of criminal activity. *See United States v. Cardona–Rivera*, 904 F.2d 1149, 1155 (7th Cir.1990); *United States v. Eschweiler*, 745 F.2d 435, 439 (7th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 334 (1985). For these reasons, defendant's motion to quash search warrant and suppress evidence illegally seized is denied.

### C. *Motion to Sever Count One*

■ In this motion, defendant seeks an order severing the conspiracy count (Count One) from the remainder of the superseding indictment (Counts Two through Twenty–Four) pursuant to Rule 14 of the Federal Rules of Criminal Procedure. In support, defendant asserts that evidence of the shooting of the Palatine police officer charged as an overt act in Count One, is unduly prejudicial to defendant because he is essentially charged with committing a series of bank robberies. Defendant relies extensively on this court's June 23, 1992 opinion in which we denied the government's motion to introduce evidence that defendant shot a Palatine police officer while the police officer was attempting to make a routine traffic stop under Federal Rule of Evidence 404(b) or the inextricably intertwined standard.

However, that opinion must be considered in its proper context. We ruled that evidence of the shooting was not admissible under Rule 403 of the Federal

Rules of Evidence because this conduct was not the basis of any criminal charge in federal court and was unduly prejudicial and inflammatory. After we rendered our decision, the grand jury returned a superseding indictment against defendant which specifically charged him with shooting the Palatine police officer as one of many overt acts in furtherance of the conspiracy.

In light of the superseding indictment, we believe that this evidence is no longer unduly prejudicial. In fact, notwithstanding this court's admonition in our June 23, 1992 opinion, defendant wholly fails to demonstrate how he will have an unfair trial absent severance of Count One. *See United States v. Caliendo*, 910 F.2d 429, 437 (7th Cir.1990). Equally important, joinder of all counts is appropriate in this case to foster judicial economy, to promote the public interest in resolving the matter expeditiously and to prevent the undue harm which the victim witnesses would suffer if they were asked to recount their testimony in two separate proceedings. We conclude that severance is not required by Rule 14 and deny defendant's motion.

## CONCLUSION

For the reasons set forth more fully in this opinion, defendant's motion *in limine* is granted in part, and denied in part. In addition, defendant's motion to quash search warrant and suppress evidence illegally seized is denied. Finally, defendant's motion to sever Count One is denied.